# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00713-CR

**Dionisio Balderas Moreno, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 07-469-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant has filed a motion to abate the appeal and to remand the cause to the trial court for entry of findings of fact and conclusions of law related to the voluntariness of a statement given to the police.[1] *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005). The State opposes the motion, arguing that appellant's issues concern his right to counsel, not the voluntariness of the statement.

Appellant sought to suppress his statement, arguing that it was taken in violation of his right to counsel, which is one of the rights enumerated in article 38.22. *See* Tex. Code

---

[1] Two statements were introduced, and appellant sought to suppress both. The first was introduced during guilt/innocence, and the trial court made appropriate findings and conclusions on the record. The second statement was introduced at the punishment phase and related to another offense. When the trial court considered appellant's motion to suppress the second statement, it stated only that the motion was denied without explaining its conclusion. It is the second statement with which we are concerned here.

Crim. Proc. Ann. art. 38.22, § 2. Unless appellant voluntarily waived his *Miranda* rights,[2] the statement was not admissible under article 38.22. *See id. Miranda* rights are intended to protect against "inherent compulsion" generated in a custodial interrogation. *Moran v. Burbine*, 475 U.S. 412, 420 (1986). Thus, the voluntariness of the statement is implicated in appellant's argument related to his right to counsel. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2; *Moran*, 475 U.S. at 420-22 (in considering admissibility of statement related to waiver of right to counsel, court held that "respondent validly waived his right to remain silent and to the presence of counsel. The voluntariness of the waiver is not at issue."). We grant appellant's motion and remand the cause to the trial court for entry of findings and conclusions regarding the voluntariness and admissibility of appellant's statement related to his sexual contact with a minor and introduced into evidence in the punishment phase. A supplemental clerk's record containing the court's certification shall be tendered for filing no later than thirty days from the date of this opinion. *See* Tex. R. App. P. 25.2(d), 34.5(c)(2), 37.1.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Abated

Filed: October 3, 2008

Do Not Publish

---

[2] *See generally Miranda v. Arizona*, 384 U.S. 436, (1966).